IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JONATHAN T. ALSTON | * | |
| Plaintiff, *pro se* | * | |
| v. | * | Civil No. **PJM 18-575** |
| TRIDENT ASSET MANAGEMENT, LLC, *et al.* | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

*Pro se* plaintiff Jonathan Alston has sued Trident Asset Management, LLC ("Trident") and Trans Union, LLC ("Trans Union") (hereinafter, collectively "Defendants") in connection with a debt he purportedly owed to Verizon Communications ("Verizon") for unreturned television equipment and associated fees. Alston claims that Trident, which he says acquired the debt from Verizon, attempted to collect the $1,390.81 debt from him in violation of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.* Alston also claims that Trans Union reported the debt inaccurately on his credit report, also violating the FCRA.[1]

Defendant Trident has moved for summary judgment as to the remaining claims in Alston's Complaint. ECF No. 25. For the following reasons, the Court will **GRANT** Defendant's Motion for Summary Judgment.

---

[1] Alston settled his claims against Trans Union, and they were dismissed from the case.

1

# I. FACTUAL BACKGROUND

This case concerns the same debt at issue in another case in which Jonathan Alston is the plaintiff, *Alston v. Orion Portfolio Services, LLC et al.*, Civ. No. PJM-16-3697. Alston's allegations in the two cases are nearly identical.

Alston states in his Complaint in this case that he obtained a credit report from Trans Union and discovered a collection account reported by Trident that indicated that he owed $1,391 to Verizon for utility services. ECF No. 2 ("Complaint") ¶¶ 5-6. Alston says he disputed the Trident collection account with Trans Union sometime in June 2016, but he does not identify the method through which he conveyed this fact to Trans Union. *Id.* ¶ 7. Alston says that Trans Union subsequently forwarded his dispute to Trident, which he alleges improperly verified the accuracy of the debt, despite evidence to the contrary. *Id.* ¶ 8. Alston claims that Trans Union informed him of the results of Trident's investigation sometime in July 2016. *Id.* ¶ 9.

On August 22, 2016, Alston purportedly contacted Trident by phone to dispute the debt. *Id.* ¶ 10. He says he was told that Trident would send him a letter providing a breakdown of how the $1,391 was calculated. *Id.* ¶ 11.

Alston says he called Trident again on August 25, 2016. *Id.* ¶ 16. He says that a Trident representative informed him that the debt had been considered "disputed" as of his August 22 call. *Id.* ¶ 14. He also says that Trident told him it did not know whether he had returned the Verizon television equipment that was the cause of the debt, nor did Trident know whether Alston had incurred any additional charges related to that equipment. *Id.*

Alston goes on to say that on August 29, 2016, he sent a dispute letter to Trans Union, challenging the claim. *Id.* ¶ 15. He also says he sent a contemporaneous letter directly to Trident. *Id.* ¶ 16. The letters purportedly disputed the fact that Trident or Orion had acquired the account

2

from Verizon, or that $1,390.81 was owed on the account, or that Alston owed $742.00 for FIOS TV equipment and $648.81 for past due charges. *Id.* ¶¶ 17–20. Even so, says Alston, Trident continued its debt collection activity, reporting the debt to Trans Union prior to providing Alston with validation of the debt in September 2016. *Id.* ¶¶ 21–23.

Alston claims that Trident is improperly reporting the debt as resolved and no longer in dispute. *Id.* ¶ 28. He says he submitted two additional disputes to Trans Union, which, he says, informed him in December 2017 that Trident had again verified the amount of the debt, had indicated that no changes would be made as to how the debt would be reported, and had again indicated that it found no notation that the collection account was disputed. *Id.* ¶ 31. Alston alleges that Trans Union blindly reported the results of Trident's investigation into the debt, despite failing to conduct its own investigation and knowing that Trident's investigation relied on inaccurate, incomplete, and unverified information. *Id.* ¶¶ 34–38.

On or about January 10, 2018, Alston filed a Complaint in the Circuit Court for Baltimore City, ECF No. 2, which Defendants removed to this Court on February 26, 2018. ECF No. 1. The Complaint alleges five Counts of FCRA violations, two against Trans Union, and three against Trident. ECF No. 2. On November 20, 2018, Alston and Trans Union filed a joint stipulation stating that all matters between them had been settled. ECF No. 20. The Court subsequently dismissed Trans Union from the case. ECF No. 22. Trident remained in the case.

On December 27, 2018, Trident filed a Motion for Summary Judgment as to all claims Alston made against it in his Complaint. ECF No. 25. Alston filed his Opposition on January 22, 2019, ECF No. 27, which Trident moved to strike on the grounds that it was not timely. ECF No. 28. Trident also filed its Reply to Alston's Opposition on February 1, 2019. ECF No. 29.[2]

---

[2] In addition, Trident has filed a Motion for Extension of Time to Respond to Discovery, ECF No. 19, and Alston has filed a Motion to Reconsider. ECF No. 23. No responses were filed to either of these Motions.

## II. STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This does not mean, however, that "some alleged factual dispute between the parties" defeats the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Rather, "the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphasis in original). Once the party moving for summary judgment has properly filed evidence supporting its motion, the burden shifts to the nonmoving party to submit specific facts illustrating a genuine dispute of material fact, presented in sworn affidavits and/or exhibits. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); Fed. R. Civ. P. 56(c).

## III. ANALYSIS

### A. Trident's Motion for Summary Judgment

Counts III–V[3] of Alston's Complaint allege that Trident willfully and negligently violated the Fair Credit Reporting Act by failing to conduct a reasonable investigation after being notified of the debt dispute, as required by 15 U.S.C. § 1681s-2(b). Count III alleges that Trident did not properly investigate Alston's debt dispute, in violation of 15 U.S.C. § 1681s-2(b)(1)(A). Count IV alleges that Trident did not review all relevant information provided by credit reporting agencies at Alston's request, in violation of 15 U.S.C. § 1681s-2(b)(1)(B). Count V alleges that Trident continued to report Alston's debt without noting that it was disputed, in violation of 15 U.S.C. § 1681s-2(b)(1)(C) and (D). Trident argues that it is entitled to summary judgment on all of these claims because (1) it reported Alston's debt accurately, as a matter of law, and (2) it conducted a

---

[3] Although there are five Counts in Alston's Complaint, only Counts III–V pertain to Trident. Counts I and II pertain to Trans Union, which has been dismissed from the case.

reasonable investigation of Alston's disputes challenging the amount of the debt. The Court agrees with Trident.

The FCRA creates a private right of action allowing injured consumers to recover actual damages caused by negligent violations and both actual and punitive damages for willful noncompliance. *See Robinson v. Equifax Info Servs.*, LLC, 560 F.3d 235, 239 (4th Cir. 2009); *see also* 15 U.S.C. §§ 1681n, 1681o. Section 1681s–2(b) mandates that "furnishers" of credit information must "after receiving notice of a consumer dispute from a credit reporting agency . . . conduct a reasonable investigation of their records to determine whether the disputed information can be verified." *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). "This determination whether a furnisher's investigation was 'reasonable' is based on an evaluation of information within the furnisher's possession, such as correspondence between the consumer and the furnisher, the data identified by the reporting agency as disputed, and the furnisher's other records relating to the disputed account." *Daugherty v. Ocwen Loan Servicing, LLC*, 701 Fed. App'x 246, 253 (4th Cir. 2017) (citing *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 151 (4th Cir. 2008)). Under Section 1681s–2(b), a furnisher is only required to investigate information it has provided if a credit reporting agency notifies it that a consumer has contacted the agency and disputed the furnished information. 15 U.S.C. § 1681s–2(b)(1); *see also Alston v. United Collections Bureau, Inc.*, No. CIV.A. DKC 13-0913, 2014 WL 859013, at *6 (D. Md. Mar. 4, 2014). "Plaintiff bears the burden of showing the investigation was unreasonable." *Alston*, 2014 WL 859013, at *7.

Alston claims that Trident was notified multiple times, both by himself and Trans Union, that he was disputing the Verizon debt. He asserts that he sent at least one letter, and made at least two phone calls, to Trident disputing the Verizon charges. Alston alleges that, despite being

5

notified of the dispute, Trident merely "review[ed] its own internal computer screens for the account and repeat[ed] back to the ACDV computer system the same information it had already reported" to Trans Union and other credit reporting agencies. Complaint at ¶ 58, ECF No. 2. He also asserts that Trident could have conducted a reasonable investigation by "review[ing] its own systems and previous communications with [him] and discovered additional substance regarding [his] dispute." *Id.* ¶ 57.

As in the related case, *Alston v. Orion Portfolio Services, LLC et al.*, Civ. No. PJM-16-3697, Alston has produced little to no discovery to support his contentions. He has not attached any documents to either his Complaint or his Opposition to Trident's Motion for Summary Judgment to support his allegations. Conversely, Trident has produced several documents that suggest (1) its investigation of the disputed debt was reasonable, and (2) Alston's debt to Verizon was correctly reported.

Trident has submitted an affidavit from its President, Anurag Sett, stating that it opened an investigation into Alston's debt after receiving two notices of dispute from Trans Union, dated November 20, 2017 and December 23, 2017, as well as a copy of Alston's letter to Trans Union regarding the debt. ECF No. 25-3 ("Sett Affidavit") at ¶¶ 5–6. The notices from Trans Union did not note that Alston was disputing the debt he purportedly owed to Verizon on the basis of fraud or identity theft. Sett Affidavit at ¶ 6; *see also* ECF Nos. 25-4, 25-5 at 2–4 (ACDV notices of disputed debt that Trident received from Alston). Alston's letter to Trans Union, dated December 23, 2017, disputed the debt because "Trident claims to be collecting on behalf of Orion but Orion does not own a debt of mine" and asked that Trans Union "investigate whether Orion owns the debt." ECF No. 25-5 at 5. Because Alston did not dispute his purported debt to Verizon on the basis of fraud or identify theft, Trident claimed that it had "followed its policies and procedures"

and compared the data in Trans Union's notices of disputed debt to Trident's data on the disputed debt in Alston's individual account file. Sett Affidavit at ¶¶ 9–11. After Trident compared the data in its internal file on Alston with Trans Union's notices of disputed debt, it reported the results of its investigation to Trans Union as "Completed Investigation of FCRA Dispute – Consumer Disagrees." *Id.* at ¶ 12.

While Alston may believe that Trident should have conducted a more thorough investigation as to whether it was reporting his debt to Verizon accurately, "a more limited investigation may be appropriate when [consumer reporting agencies] provide the furnisher [of credit information] with vague or cursory information about a consumer's dispute." *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 38 (1st Cir. 2010). The FCRA "is clear that the investigation is directed to the information provided by the [consumer reporting agency]." *Id.* Consequently, the FCRA does not mandate that the furnisher's investigation resolve the dispute on the merits; the furnisher must only conduct a reasonable investigation based on the information it receives from the credit reporting agency.

The notices that Trident received from Trans Union regarding Alston's purported debt framed the dispute as "Disputes Current Balance" and "Consumer states inaccurate information." ECF Nos. 25-4 at 2; 25-5 at 2. Accordingly, when the information provided to a furnisher, such as Trident, suggests that a consumer is disputing a debt generally, without specific claims as to why a reported debt is inaccurate, the furnisher satisfies its duty to conduct a reasonable investigation by verifying that the information in its records is identical to that provided by a credit reporting agency.[4] While Alston may be dissatisfied that Trident's investigation did not result in the

---

[4] Conversely, if notices from a credit reporting agency or a consumer state that a consumer is disputing a debt by alleging fraud or identity theft, the furnisher is obliged to investigate the dispute more thoroughly in order to have conducted a "reasonable" investigation. *See, e.g., Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 851–53 (E.D. Va.

7

invalidation of his debt to Verizon, it bears repeating: Trident is only required by law to conduct a reasonable investigation of the dispute; it is not required to reach an outcome desired by the consumer. *See Johnson*, 357 F.3d at 430–31.

In addition, Trident alleges that its investigation of Alston's debt "confirmed that the amount that was reported matched the amount of the outstanding balance on Mr. Alston's account." Sett Affidavit at ¶ 11. In support of this proposition, Trident attaches a bill from Verizon to "Jonathan Alston,"[5] with a billing date of August 16, 2013, stating that Alston owed a total of $1,390.81, $648.81 of which was for previous past due charges, and $742.00 of which was for television equipment. ECF No. 25-6. Both the dispute notices that Trident received from Trans Union regarding Alston's debt list Alston's date of first delinquency as August 16, 2013 and the balance of his delinquency as $1,391. ECF Nos. 25-4 at 3; 25-5 at 3. While Alston's Verizon bill by itself may not verify the validity of his debt, it strongly implies the accuracy of the reporting done by both Trans Union and Trident, as well as the reasonableness of Trident's investigation.

In response, Alston does not offer any documents or evidence to refute the undisputed facts in Trident's Motion for Summary Judgment. His Opposition merely restates the law that an investigation conducted with respect to the validity of a disputed debt is "reasonable."[6] ECF No. 27. Alston further alleges that Trident, after completing its investigation, reported his debt as

---

2017) (holding that defendant bank did not conduct a reasonable investigation after consumer plaintiff notified it that a credit card had been opened in his name and used to incur reported debts).

[5] In a deposition taken in the related case, *Alston v. Orion Portfolio Services, Inc.*, Civ No. PJM-16-3697, Alston admitted that he previously had a cable television account with Verizon, but he had canceled it due to dissatisfaction with the service. ECF No. 25-2 at 3.

[6] Alston also argues that Trident's Motion for Summary Judgment should be stricken because, he says, Trident did not comply with the provisions of Local Rule 105.2, namely by allegedly failing to confer with Alston about the order in which the parties would file their Motions for Summary Judgment. Even assuming Alston's claim that Trident filed its Motion for Summary Judgment without first coordinating with him is true, the Court has the authority to address the merits of a party's Motion for Summary Judgment before determining if its filing comports with the requirements of Local Rule 105.2. *See Alston v. Trans Union, LLC*, Civ. No. TDC-14-1180, 2014 WL 6388338, at *5 (D. Md. Nov. 13, 2014) (deferring to answer the question of whether plaintiff's Motion for Partial Summary Judgment complied with Local Rule 105.2 in order to examine and rule on the Motion's merits).

resolved, despite knowing that he continued to dispute it. *Id.* at 11–12. This allegation, if supported by sufficient factual evidence, could create a genuine dispute of material fact to be resolved at trial. *See, e.g., Wood v. Capital One Bank*, 277 F. Supp. 3d 821, 854 (E.D. Va. 2017). However, Trident's President has stated in an affidavit that, after completing its investigation of Alston's disputed debt, Trident reported the debt to Trans Union as "Completed Investigation of FCRA Dispute – Consumer Disagrees." *See* ECF No. 25-3 at ¶ 12; 25-7. Alston stands mute in the face of this documented fact. He does not rebut Trident's claim that it correctly reported his debt as disputed with any specific facts, presented either by affidavit or exhibit. Instead, he merely relies on the allegations in the pleadings and in Trident's Motion for Summary Judgment and attached exhibits. As a matter of law, this does not suffice. Alston has not demonstrated the existence of a triable issue of material fact.

Because Alston produced no evidence to show that Trident's investigation was unreasonable or that Trident reported his debt as resolved while knowing that he continued to dispute it, the Court will **GRANT WITH PREJUDICE** Trident's Motion for Summary Judgment as to Counts III–V of the Complaint.[7]

---

[7] Several other Motions are pending:

On September 19, 2018, Trident filed a Motion for Extension to Respond to Plaintiff's Discovery, seeking an additional fourteen days to respond to Alston's Interrogatories and Request for Production of Documents. ECF No. 19. Alston did not oppose Trident's Motion, and there is no indication that Trident failed to produce the sought discovery materials. The Court finds Trident's Motion **MOOT**.

Alston has filed a Motion to Reconsider the Court's "11/19/2018 finding that Plaintiff's Opposition to Defendant's Request for Fees" was untimely. ECF No. 23. The Court, however, believes it made that finding in the related case, *Alston v. Orion Portfolio Services, LLC*, Civ No. PJM-16-3697, ECF No. 78. Alston appears to have filed his Motion to Reconsider in the wrong case. Accordingly, the Court will **DENY** it.

Trident has also filed a Motion to Strike Alston's Opposition to its Motion for Summary Judgment as untimely. ECF No. 28. Because the Court has decided to grant Trident's Motion for Summary Judgment, the Court will **DENY** Trident's Motion to Strike.

## B. *Res Judicata*

Although Trident does not argue it, regardless of whether there is a genuine dispute of material fact at issue in this case, Alston's FCRA claims against Trident may well be barred by *res judicata*, which "operates to preclude subsequent litigation of certain matters when there has been a prior judgment between the same parties." *Schwartz v. J.J.F. Mgmt. Servs., Inc.*, 922 F.3d 558, 566 (4th Cir. 2019). *Res judicata* takes the form of either claim preclusion or issue preclusion. Claim preclusion applies when litigation between two parties arises out of the same cause of action, defined as the "transaction or series of transactions . . . or core of operative facts," from which the prior litigation arose. *Id.* at 566–67 (quoting *In re Varat Enter., Inc.*, 81 F.3d 1310, 1315–16 (4th Cir. 1996)) (internal quotation marks omitted). Issue preclusion applies "when the later litigation arises from a different cause of action from the earlier litigation," and it "operates to bar subsequent litigation of those legal and factual issues common to both actions that were actually and necessarily determined by a court of competent jurisdiction in the first litigation." *In re Varat*, 81 F.3d at 1315 (internal citations and quotation marks omitted).

In the case related to the case at bar, *Alston v. Orion Portfolio Services, LLC et al.*, Alston also alleged that Trident violated the FCRA by failing to conduct a reasonable investigation of his disputed debt to Verizon, as well as by incorrectly reporting that debt to Trans Union. See Civ. No. PJM-16-3697, ECF No. 19 at ¶¶ 49–53, 59. However, the Court found that Alston's FCRA claims were meritless and granted summary judgment to defendants Orion Portfolio Services and Trident. See Civ. No. PJM-16-3697, ECF Nos. 51, 52.

The present case clearly involves the very same "core of operative facts" as the earlier related case: the same disputed debt to Verizon, the same parties—Alston and Trident—and the same FCRA claims. Further, the Court issued a judgment on those FCRA claims by granting

10

Trident's motion for summary judgment as to them. Accordingly, the doctrine of *res judicata*, specifically claim preclusion, would bar any subsequent FCRA claims by Alston against Trident, most especially with regard to the alleged $1,391 debt to Verizon, i.e., for failure to conduct a reasonable investigation and knowingly reporting a disputed debt as resolved.

## IV. CONCLUSION

For the foregoing reasons, Trident's Motion to for Summary Judgment, ECF No. 25, is **GRANTED WITH PREJUDICE**.

The entire case is now **CLOSED**.

A separate Order will **ISSUE**.

**June 17, 2019**

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**